```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,        :

         - v. -                  :         S1 08 Cr. 52 (LAK)

REYNOLD OROZCO,                  :

             Defendant.          :

- - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO THE DEFENDANT'S MOTION TO SUPPRESS**

```
                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              One St. Andrew's Plaza
                              New York, New York 10007


Michael D. Maimin
Assistant United States Attorney
     -Of Counsel-
```

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.. . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.   Offense Conduct.. . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.   THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED
        PURSUANT TO A SEARCH ON MAY 5, 2008 REQUIRES AN
        EVIDENTIARY HEARING.. . . . . . . . . . . . . . . . . . . 3

        A.   Applicable Law Regarding the Search of the
            Defendant's Residence. . . . . . . . . . . . . . . 4

    II.  THE DEFENDANT HAS NOT SET FORTH FACTS SUFFICIENT TO
        MERIT A HEARING ON WHETHER HIS POST-ARREST STATEMENTS
        WERE TAKEN IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**PRELIMINARY STATEMENT**

The United States of America respectfully submits this memorandum of law in opposition to the motion of Reynold Orozco (the "defendant") seeking to suppress: (1) evidence seized pursuant to a search on May 5, 2008; and (2) the defendant's post-arrest statements.

The Government consents to an evidentiary hearing regarding the defendant's respective motion to suppress evidence seized on May 5, 2008. The defendant's motion to suppress post-arrest statements has no basis in the defendant's affidavit, sworn to on June 30, 2008 ("Def. Aff."), and should, accordingly, be denied without resort to an evidentiary hearing.

**BACKGROUND**

**I.   Offense Conduct**

The six-count Superseding Indictment charges the defendant with:

(1) conspiring to violate Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C) by distributing and possessing with intent to distribute mixtures and substances containing a detectable amount of cocaine from approximately on or about November 30, 2006 through on or about January 22, 2007, in violation of Title 21, United States Code, Section 846;

(2) distributing and possessing with intent to distribute mixtures and substances containing a detectable amount of cocaine on or about December 4, 2006, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C);

(3) distributing and possessing with intent to distribute mixtures and substances containing a detectable amount of cocaine on or about January 22, 2007, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C);

(4) distributing and possessing with intent to distribute mixtures and substances containing a detectable amount of cocaine on or about May 5, 2008, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C);

(5) distributing and possessing with intent to distribute fifty grams and more of mixtures and substances containing a detectable amount of cocaine base (in a form commonly known as "crack") on or about May 5, 2008, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A); and

(6) distributing and possessing with intent to distribute one hundred grams and more of mixtures

and substances containing a detectable amount of heroin on or about May 5, 2008, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).

On or about May 5, 2008, law enforcement agents arrested the defendant at his apartment pursuant to an arrest warrant issued out of the Southern District of New York. The factual bases of Counts Four and Five[1] arise from the seizure of both cocaine and cocaine base from the defendant's apartment on May 5, 2008 during a consensual search following the defendant's arrest. It is the evidence discovered during this post-arrest search, including the cocaine and cocaine base, that the defendant seeks to suppress.

**ARGUMENT**

**I.  THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO A SEARCH ON MAY 5, 2008 REQUIRES AN EVIDENTIARY HEARING**

The defendant moves to suppress evidence seized pursuant to a search of the defendant's apartment on May 5, 2008. This evidence includes cocaine, cocaine base and materials used for cutting narcotics.

---

[1] As the Government has informed both the defendant and the Court, the Government does not presently intend on pursuing Count Six, which alleges the distribution and possession with intent to distribute one hundred grams and more of heroin.

3

The Government consents to an evidentiary hearing on these issues, and anticipates that the evidence will show that the defendant consented to the search of his residence. The evidence will also show that law enforcement officers had a reasonable basis for believing that the defendant had voluntarily consented to such a search, as well as that such consent was, in fact, given voluntarily, and was not the product of coercion or duress. Notably, the defendant does not put into issue the voluntariness of any consent or the agents' reasonable basis for believing that such consent had been given — rather, he denies providing consent at all. (*See* Def. Aff. ¶¶ 8-9).

### A.    Applicable Law Regarding the Search of the Defendant's Residence

The Fourth Amendment "generally requires police to secure a warrant before conducting a search." *Maryland* v. *Dyson*, 527 U.S. 465, 466 (1999) (*per curiam*). Searches "conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well delineated exceptions." *Katz* v. *United States*, 389 U.S. 347, 357 (1967).

"[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 219 (1973). The Government bears the

4

burden of demonstrating that consent was given voluntarily when it relies on consent to justify the lawfulness of a search. *See United States* v. *Arango-Correa*, 851 F.2d 54, 57 (2d Cir. 1988); *United States* v. *Restrepo*, 890 F. Supp. 180, 196 (E.D.N.Y. 1995). "[W]hether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth*, 412 U.S. at 227; *see also United States* v. *Mendenhall*, 446 U.S. 544, 557 (1980). "[T]he ultimate question presented is whether 'the officer had a reasonable basis for believing that there had been consent to search.'" *United States* v. *Garcia*, 56 F.3d 418, 423 (2d Cir. 1995) (internal citations omitted). "Recent Supreme Court decisions emphasize . . . that the issue of reasonableness is to be measured by an objective standard." *Id.* In making that determination, courts ask "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida* v. *Jimeno*, 500 U.S. 248, 251 (1991).

Some of the factors that bear upon the voluntariness of the search include "whether the defendant was in custody and in handcuffs, whether there was a show of force, whether the agents told the defendant that a search warrant would be obtained, whether the defendant had knowledge of the right to refuse consent, and whether the defendant previously had refused to

5

consent," *United States* v. *Lavan*, 10 F. Supp. 2d 377, 384 (S.D.N.Y. 1998) (citations omitted), as well as the personal characteristics of the defendant (such as age, education, and experience), *see United States* v. *Yu-Leung*, 910 F.2d 33, 41 (2d Cir. 1990), and the length of detention and the nature of the questioning, see *Arango-Correa*, 851 F.2d at 57.  However, although the question of whether or not the defendant received *Miranda* warnings prior to consenting to a search is one factor in the "totality of the circumstances" analysis, it is not controlling; rather, consent given while in custody, even without the provision of *Miranda* warnings, can be both voluntary and valid.  *See United States* v. *Moreno*, 897 F.2d 26, 33 (2d Cir. 1990); *United States* v. *Memoli*, 333 F. Supp. 2d 233, 237 (S.D.N.Y. 2004) ("The absence of *Miranda* warnings does not make consent to search invalid *per se*").

**II.   THE DEFENDANT HAS NOT SET FORTH FACTS SUFFICIENT TO MERIT A HEARING ON WHETHER HIS POST-ARREST STATEMENTS WERE TAKEN IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS**

The defendant moves to suppress his post-arrest statements on the grounds that they "were taken in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution."  The Court should deny this portion of the motion to suppress without a hearing because the defendant has not raised an issue of fact that would render the taking of the defendant's post-arrest statements illegal.  *See United States* v.

*Marquez*, 367 F. Supp. 2d 600, 603 (S.D.N.Y. 2005) ("To sufficiently raise an issue of fact, the defendant, in moving for a suppression hearing, must include an affidavit of someone alleging personal knowledge of the relevant fact, and *that fact must put the issue of the legality of the warrantless stop into contention*) (emphasis added) (citing *United States* v. *Gillette*, 383 F.2d 843, 848-49 (2d Cir. 1967)). "A defendant is entitled to an evidentiary hearing on a motion to suppress only if the defendant establishes a contested issue of material fact." *United States* v. *Noble*, 07 Cr. 284 (RJS), 2008 WL 140966, *1 (S.D.N.Y. Jan. 11, 2008) (citing *United States* v. *Dewar*, 489 F. Supp. 2d 351, 359 (S.D.N.Y. 2007); *United States* v. *Pena*, 961 F.2d 333, 339 (2d Cir. 1992)).

The defendant's affidavit makes no allegations regarding the circumstances under which the defendant made his post-arrest statements or the timing of those statements- indeed, it does not mention the post-arrest statements at all. In the absence of any such allegations in the affidavit, the motion must fail as a matter of law. *See Noble*, 2008 WL 140966 at *1 ("However, despite his attorney's in-court arguments addressing various facts leading up to the search of the automobile, nowhere in the defendant's affidavit does the defendant raise a material, contested issue of fact in relation to his motion to suppress the firearm. The defendant has thus failed to satisfy the burden of

7

providing, in a sworn affidavit, 'sufficiently definite, specific, detailed, and nonconjectural' information in relation to the suppression of the firearm.  Accordingly, defendant's request for a hearing on that issue is DENIED.").

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court hold an evidentiary hearing regarding the search of the defendant's residence, and deny the defendant's motion to suppress his post-arrest statements.


Dated:   New York, New York
         August 15, 2008


                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York

                   By:      /s/
                         Michael D. Maimin
                         Assistant United States Attorney
                         (212) 637-2238

**AFFIRMATION OF SERVICE**

MICHAEL D. MAIMIN, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.  That, on August 15, 2008, I caused copies of the Government's Memorandum of Law in Opposition to the Defendant's Motion to Suppress to be delivered by ECF and United States Mail to:

>Avraham C. Moskowitz, Esq.
>Moskowitz & Book
>1372 Broadway
>Suite 1402
>New York, NY 10018

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   New York, New York
         August 15, 2008

>_____/s/_____
>Michael D. Maimin